**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathan C. Bertanelli, | ) | No. CV-11-1346-PHX-PGR (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint, doc. 36. Defendants oppose the motion, doc. 40. Plaintiff has also filed a related motion in Opposition to Court's Anticipated Pre-Screening Order Dismissing Doe Defendants, doc. 39.

**I. Governing Law**

This matter arises on Plaintiff's Motion to File a First Amended Complaint, doc. 15. Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint once as a matter of course within 21 days of service, or if a responsive pleading is required, within 21 days of service of the responsive pleading or a motion under Rule 12(b), (e), or (f). In view of the procedural posture of this case, Plaintiff does not need leave to file an Amended Complaint. However, because Plaintiff has filed a motion seeking leave, the Court will grant his motion.

Because Plaintiff "seeks redress from a governmental entity or officer or employees of a governmental entity," the Court must screen the complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss any portion of the complaint that "is frivolous, malicious,

or fails to state a claim upon which relief must be granted. . . ." § 1915A(b)(1). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than unadorned, the-defendant-unlawfully harmed -me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. The Ninth Circuit has instructed that courts must "continue to construe *pro se* filing liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court screened the original complaint under 28 U.S.C. § 1915. (Doc. 5) The First Amended Complaint is substantially similar to the original complaint.

**II. Analysis**

    **A. Count I**

Plaintiff seeks to amend Count I to add additional facts to the policy claim asserted in Count I of the original complaint. (compare docs. 1, 36) The Court previously screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed the claim in Count I, alleging that Defendant Ryan has a policy of prohibiting protective segregation inmates from seeking protection from other inmates in the same unit because it is identical to Plaintiff's claim in Count III of CV-11-1340-PHX-PGR (LOA). (Doc. 5 at 3) In so doing, the Court explained that a litigant "'has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s].'" (Doc. 5

at 3) (quoting *Oliney v. Garnder*, 771 F.2d 856, 859 (5th Cir. 1985) (citation omitted). In the proposed amended complaint, Plaintiff re-urges his policy claim and adds several facts. Plaintiff's minor retooling of Count I does not change the nature of that claim or the fact that it is duplicative. Thus, although Plaintiff may file an Amended Complaint, doing so does not revive previously dismissed Count I of the First Amended Complaint. *See Vanderburgh v. Hendrix*, 2009 WL 472360, at * 4 (E.D. Cal. Dec. 3, 2009) (dismissing claims as part of screening order pursuant to 28 U.S.C. § 1915 and noting that plaintiff should not reassert the dismissed claims in an amended complaint unless he alleges facts that cure the deficiencies).

### B. Count II

In Count II of the original complaint, Plaintiff asserts a violation of his equal protection rights based on his allegations that Defendants Abelowiz, Hartsuck, and Does II and III ignored Plaintiff's requests that they add to Plaintiff's Do Not House With list the names of four inmates who assaulted Plaintiff. Plaintiff alleges that Defendants "were fully aware when they deliberately refused to add [the inmates] to Plaintiff' [list that] they were intentionally denying Plaintiff required departmental PS protection." Plaintiff claims that, as a result of the omission, he was again assaulted by one of the inmates. In the September 7, 2011 screening order, the Court dismissed Count II, without prejudice, for failure to state a claim because Plaintiff "failed to allege that he was treated differently than other similarly situated individuals and that there was no rationale basis for treating him differently." (Doc. 5 at 4) The allegations in Count II of the first amended complaint do not create the deficiencies noted in the screening order.

Thus, although Plaintiff may file an Amended Complaint, doing so does not revive previously dismissed Count II of the Complaint because Plaintiff has not cured the defects noted in the Court's September 12, 2011 Order. (Doc. 5); *See Vanderburgh*, 2009 WL 472360, at * 4.

### C. Claim to Which an Answer will be Required

As the Court previously found, liberally construed, Plaintiff adequately states an Eighth Amendment failure-to-protect claim against Defendants Abelowiz, Hartsuck, Doe II, and

- 3 -

Doe III and those Defendants must answer Count I of the First Amended Complaint. Again, the Court will not dismiss Doe II or III, but will not order service on Doe II or III at this time. Rather, Plaintiff may seek leave to amend his Complaint to name those defendants if he discovers their identity. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citation omitted). Plaintiff's First Amended Complaint also attempts to reassert claims against previously dismissed Doe Defendants I, and IV through X. Plaintiff has not cured the deficiencies noted in the September 12, 2011 screening order, doc. 5. Thus, Plaintiff's claims against Does I, and IV through X are not revived. *See Vanderburgh*, 2009 WL 472360, at * 4.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint, doc. 36, is **GRANTED**.

**IT IS FURTHER ORDERED** that Clerk of Court is directed to filed the First Amended Complaint attached to Plaintiff's Motion for Leave to File a First Amended Complaint, doc. 36 - attachment.

**IT IS FURTHER ORDERED** that Defendants Abelowiz, Hartsuck, Doe II, and Doe III and must answer Plaintiff's Eighth Amendment failure-to-protect claim asserted in Count I of the First Amended Complaint.

**IT IS FURTHER ORDERED** that, in view of Plaintiff's failure to cure the defects noted in the Court's September 12, 2011 Order, doc. 5, the policy claim asserted in Count I and the Equal Protection claim asserted in Count II are not revived and remain dismissed.

**IT IS FURTHER ORDERED** that, in view of Plaintiff's failure to cure the defects noted in the Court's September 12, 2011 Order, doc. 5, Plaintiff's allegations against Doe Defendants I, and IV through X are not revived by the amended complaint and remain dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Opposition to Court's Anticipated Screening Order, doc. 37, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, doc. 34, and Plaintiff's Motion for Order Not to Respond to Motion to Dismiss, doc. 38, are **DENIED** as moot in view of the filing of the First Amended Complaint.

DATED this 22nd day of May, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge