**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon C. Bertanelli, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> Charles L. Ryan, et al., ) </br> ) </br> Respondents. ) </br> _____ ) | CV 11-1346-PHX-PGR (BSB) </br></br> **ORDER** |

Currently before the Court is Plaintiff's "Objection to Magistrate Order Denying (Count II) of Plaintiff's Motion for Leave to File First Amended Complaint." (Doc. 52.) Plaintiff requests that this Court review Magistrate Judge Anderson's order of May 22, 2012, which granted Plaintiff's motion to file a first amended complaint but dismissed Count II. (Doc. 44.)

Count II of the original complaint alleged a violation of Plaintiff's equal protection rights based on Defendants' failure to add to Plaintiff's "Do Not House With" list the names of four inmates who had assaulted Plaintiff. According to Plaintiff, as a result of this omission he was again assaulted by one of the inmates.

In a screening order dated September 12, 2011, Count II was dismissed without prejudice for failure to state a claim because Plaintiff failed to allege that he was a member of a protected class or that he "was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently." (Doc. 5 at 4.) Magistrate Judge Anderson found that the allegation in Plaintiff's first amended complaint did not cure these defects and therefore Count II remained dismissed. (Doc. 44 at 4–5.)

Rule 72(a) of the Federal Rules of Civil Procedure provides the standard for this Court's review of a magistrate judge's order in a nondispositive matter. The Court must consider objections and modify or set aside any part of the order "that is clearly erroneous or contrary to law."

Magistrate Judge Anderson's dismissal Count II is not erroneous or contrary to law. In his first amended complaint Plaintiff repeats that he is a "member of the selective class of PS [Protective Segregation] inmates who is deliberately excluded . . . from receiving departmental provided inter unit PS protection." (Doc. 45 at 11.) As the magistrate judge found with respect to the claim in the original complaint, this is insufficient to allege that Plaintiff was a member of a constitutionally protected class, that he was treated differently from similarly situated inmates, or that any difference in treatment was not reasonably related to legitimate penological concerns.

Accordingly,

IT IS ORDERED denying Plaintiff's "Objection" (Doc. 52).

DATED this 17th day of July, 2012.

Paul G. Rosenblatt
United States District Judge